IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EDGAR LEE MOORER SR.,           )
                               )
            Plaintiff,          )
                               )
      vs.                       )           2:18-cv-01908-LSC
                               )
ANDREW SAUL                     )
Commissioner of                 )
Social Security,                )
                               )
            Defendant.          )

**MEMORANDUM OF OPINION**

## I.    Introduction

The plaintiff, Edgar Lee Moorer Sr., proceeding *pro se*, appeals from the

decision of the Commissioner of the Social Security Administration

("Commissioner") denying his applications for a period of disability and Disability

Insurance Benefits ("DIB"). Mr. Moorer timely pursued and exhausted his

administrative remedies and the decision of the Commissioner is ripe for review

pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Moorer was fifty-six years old at the time of the Administrative Law

Judge's ("ALJ's") decision, and he has a high school education. (Tr. at 190, 192.) His

past work experiences include employment as a meter reader, repairer of water mains and service lines, moving van driver, and construction worker. (Tr. at 85-86, 192-93.) Mr. Moorer claims that he became disabled on June 6, 2015, due to right/left leg problems, middle back problems, a learning disability, liver problems, and pain in his left/right hands. (Tr. at 191.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational

requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment

or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ first found that Mr. Moorer met "the insured status requirements of the Social Security Act through December 31, 2020." (Tr. at 17.) He further determined that Mr. Moorer "has not engaged in SGA since June 24, 2015, the alleged onset date" of his disability. (*Id.*) According to the ALJ, Mr. Moorer's "degenerative joint disease (DJD) in the left knee; degenerative disc disease (DDD) in the lumbar spine; history of plantar fasciitis; osteoarthritis (OA) in the bilateral knees; and obesity (20 CFR 404.1520(c) and 416.920(c))" are considered "severe" based on the requirements set forth in the regulations. (*Id*.) However, he found that Mr. Moorer "does not have an impairment or combination of impairments that meets or medically equals the

severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (Tr. at 19.) The ALJ did not find Mr. Moorer's allegations to be totally credible, and he determined that he has the following RFC: "to perform light work as defined in 20 CFR 404.1567(c) and 416.967(c) except frequent postural changes; with the exception of never climbing ladders, ropes, or scaffolds and no exposure to hazards." (Tr. at 20.)

According to the ALJ, Mr. Moorer "is capable of performing past relevant work as a meter reader, DOT Code 209.567-010, generally at a light, (the claimant performed at medium), semi-skilled, SVP of 3," as those terms are defined by the regulations. (Tr. at 23.) The ALJ concluded his findings by stating that Mr. Moorer "was not under a 'disability,' as defined in the Social Security Act, from June 24, 2015, through the date of this decision." (Tr. at 23.)

## II. Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec*., 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec*., 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives

deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881,

883 (11th Cir. 1984)).   Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.    Discussion

Mr. Moorer filed the instant action for judicial review in this Court on November 18, 2018, by filling out a complaint form alleging that he was denied his social security benefits with no supporting facts. (Doc. 1.) *See* 42 U.S.C. § 405(g). The Commissioner answered, and this Court directed Mr. Moorer to file a brief in support of his claim. Mr. Moorer filed a motion seeking an unidentified amount of additional time in which to file his brief. This Court granted an additional 30 days for Mr. Moorer to file his initial brief. Mr. Moorer did not do so. Nonetheless, the Commissioner filed a brief in support of its decisions. (Doc. 13.) Deadlines for submission have passed, and the issues in this case are now ripe for decision. Plaintiff has failed to point to any errors in the ALJ's opinion even though he has had two opportunities to do so: (1) his complaint and (2) an initial brief in support of his claim.

Nonetheless, this Court has thoroughly reviewed both the ALJ's opinion and the entire evidentiary record. The ALJ properly found Mr. Moorer had the RFC to perform a reduced range of past relevant work at a lighter level. (Tr. at 20-23.) In making its determination, the ALJ considered Mr. Moorer's testimony, Mr.

Moorer's mild treatment history, and Dr. Celtin Robertson's consultative examination and opinion. (Tr. at 21-23.) *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (holding that the plaintiff's ability to perform light work was properly found based on medical history and plaintiff's testimony).

The ALJ first considered Mr. Moorer's testimony. Mr. Moorer testified to several significant and debilitating limitations, but these impairments are not consistent with the objective evidence. (Tr. at 21, 71-84, 315-16, 331-33, 335, 353, 357, 374, 381, 383, 484, 543.) Even while Mr. Moorer claimed significant limitations, he is still able to take care of himself, go shopping, drive, and go out alone on a daily basis. (Tr. at 22, 205.) He also regularly attends church and visits a community center to participate in activities. (Tr. at 22, 208-09.) These findings of Mr. Moorer's daily activities support the ALJ's finding of Mr. Moorer's RFC. *See Dyer,* 395 F.3d at 1212 (finding the ALJ properly relied on that plaintiff's daily activities).

Mr. Moorer's testimony is also inconsistent with his physical exams that were generally normal. (Tr. at 21, 331-33, 335, 374, 381, 383, 484, 543.) For example, the ALJ noted Mr. Moorer's recent physical examinations, even in June 2017, were generally normal. (Tr. at 21, 315, 357, 381-83, 484, 542.) Mr. Moorer's treatment history repeatedly reveals mild objective findings, namely mild

tenderness in his knees. (Tr. at 315, 374, 381, 393, 499, 537.) The ALJ used this information properly as part of making his determination about Plaintiff's RFC. *See Wolfe v. Chater,* 86 F.3d 1072, 1078 (11th Cir. 1996) (holding that a claimant's conservative treatment history supports the ALJ's decision); *See also Pennington v. Comm'r of Soc. Sec.,* 652 F. App'x 862, 873 (11th Cir. 2014) (affirming the ALJ's decision, which was based on plaintiff's records of mild treatment).

Mr. Moorer's consultative physician, Dr. Robertson also conducted physical exams that were generally normal–chest and lungs were normal, cardiovascular system was normal, and his extremities were normal in September 2015. (Tr. at 330-33.) Mr. Moorer had a normal gait, and could toe-heel walk, squat, and rise normally. (Tr. at 332.) Mr. Moorer also had full motor strength, normal grip strength, normal muscle bulk and tone, and no limitations in gross/fine motor skills. (Tr. at 332-33.) Mr. Moorer also did not report knee pain or back pain to Dr. Robertson, only pain in his thorax. (Tr. at 331.) Accordingly, Dr. Robertson's examination and opinion provide substantial evidence that supports the ALJ's RFC determination. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1155–56 (11th Cir. 2004) (holding that the ALJ properly granted great weight to a consultative opinion while assigning little weight to a treating opinion); *See also Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 843 (11th Cir. 2013) (holding that when an ALJ relied

on a consultative examination and opinion that was substantial evidence to support the ALJ's determination of claimant's condition).

Altogether, substantial evidence supports the ALJ's determination that Mr. Moorer has the RFC to perform a reduced range of light past relevant work. Based upon that evaluation, the Court concludes that the ALJ's decision applies the proper legal standards and is supported by substantial evidence. The ALJ did not err when he concluded that Mr. Moorer is not disabled.

## IV. Conclusion

Upon review of the administrative record, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** and **ORDERED** on February 4, 2020.

L. Scott Coogler
United States District Judge

201416